# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>EVER ANTONIO ALVARADO-CORONADO,<br><br>        Defendant. | Case No.: 2:18-cr-00095-APG-NJK<br><br>**ORDER**<br><br>(Docket No. 109) |

Pending before the Court is Defendant Ever Antonio Alvarado-Coronado's motion for appointment of co-counsel in CJA case. Docket No. 109. No response was filed. *See* Docket.

Defendant asks the Court to appoint another attorney, Sunethra Muralidhara, from his current attorney's firm as co-counsel in the instant case, even though the Court has already approved Ms. Muralidhara's association in the case. *Id*. at 1-2. Defendant further asks the Court to order that Ms. Muralidhara's appointment as co-counsel was effective *nunc pro tunc* to April 3, 2019, the date his current counsel was appointed. *Id*. at 3. Defendant submits that, although the case is non-complex, it is "nonetheless difficult." *Id*. at 2. In support of his contention that the case is difficult, Defendant submits that discovery is voluminous; he has had three prior attorneys; prior counsel has provided information that needs to be reviewed by counsel; Defendant is an active participant in his litigation; the case will require "frequent" trips to Pahrump, as well as a "significant" amount of time reviewing discovery with Defendant and "numerous" conversations about how the case will resolve; and counsel believes the case will go to trial. *Id*.

Defendant is one of four co-defendants charged in a superseding indictment with various drug- and gun-related charges. Docket No. 23. Each co-defendant is represented by one CJA attorney. *See* Docket Nos. 8 (appointing CJA attorney Osvaldo Fumo to represent Defendant Patrick-Howard); 17 (appointing CJA attorney Lucas Gaffney to represent Defendant Bowlin); 72 (appointing CJA attorney Maysoun Fletcher to represent Defendant Green). Trial is currently set for July 29, 2019. Docket No. 94.

The United States Constitution entitles criminal defendants to the assistance of counsel. U.S.Const.Amend.VI. Accordingly, the Criminal Justice Act (CJA) directs district courts to appoint counsel for criminal defendants "financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). No constitutional provision exists that entitles a criminal defendant to more than one attorney; however, statutory law permits the assignment of learned counsel upon a defendant's request in the limited circumstances where a defendant is indicted for treason or a capital crime, neither of which is present here. 18 U.S.C. § 3005. This Court's Plan for Administration and Management of the Criminal Justice Act of 1964, as Amended, 18 U.S.C. §3006a provides at section IV.C.1. that, in a non-capital case, "[m]ore than one attorney may be appointed in any case determined by the court to be extremely difficult."

Here, Defendant's arguments fail to provide a cognizable basis to appoint additional counsel under the Criminal Justice Act or this Court's Plan. Defendant's arguments fail to establish that the instant case is extremely difficult. Further, none of the co-defendants in this non-complex case has more than one attorney. Finally, many cases in this district involve voluminous discovery, time reviewing that discovery with a defendant, trips to visit a defendant, and more than one prior attorney. Therefore, the Court finds that Defendant has failed to demonstrate that the instant case is extremely difficult for the purpose of appointing co-counsel. *See United States v. Mahoney*, 2007 WL 858633 (E.D.Wash. 2007) (Court denied motion to appoint CJA co-counsel in complex case where defendant charged with 80 counts, case involved over 100,000 documents, and CJA counsel was sole practitioner in need of additional legal assistance).

Accordingly, Defendant's motion for appointment of co-counsel in CJA case, Docket No. 109, is **DENIED**.

IT IS SO ORDERED.

DATED: May 22, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE